USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/24/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA                  :
                                          :       19-CR-808 (VEC)
         -against-                        :
                                          :       OPINION AND ORDER
SYLVAIN GNAHORE and FALIKOU KONE,         :
                                          :
                              Defendants. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Sylvain Gnahore and Falikou Kone are scheduled to start trial on December 15, 2021. *See* Order, Dkt. 293. In advance of trial, the Government has filed motions *in limine* with respect to both Mr. Gnahore, *see* Dkt. 117, and Mr. Kone, *see* Dkt. 268. Mr. Gnahore has not opposed the Government's motion *in limine*, but Mr. Kone has. *See* Dkt. 292. For the reasons discussed below, the Government's motion *in limine* with respect to Mr. Gnahore is GRANTED and the Government's motion *in limine* with respect to Mr. Kone is GRANTED in part and DENIED in part.

## BACKGROUND

Messrs. Gnahore and Kone are charged with: (1) one count of conspiracy to commit wire fraud and bank fraud; (2) one count of wire fraud; and (3) one count of bank fraud. *See* Fourth Superseding Indictment, Dkt. 252. Mr. Kone is additionally charged with: (1) one count of transportation of stolen motor vehicles; (2) an additional count of wire fraud; and (3) one count of aggravated identity theft. *See id.*

## DISCUSSION

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmeiri v.*

*Defairia*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted); *see also Highland Cap. Mgmt., L.P. v. Scheider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). "The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006) (citations omitted).

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"; however, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b); *see also United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993) ("Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged."). Such evidence is also admissible to show a "pattern of conduct . . . of which the crime charged [was] a part." *United States v. Papadakis*, 510 F.2d 287, 295 (2d Cir. 1975) (internal quotation marks and citation omitted).

The Second Circuit evaluates 404(b) evidence under an inclusionary approach that allows evidence for any purpose other than to show a defendant's criminal propensity. *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009). "Courts therefore may allow extrinsic evidence of other acts by the defendant if the evidence is relevant to an issue at trial other than the defendant's character and if the risk of unfair prejudice does not substantially outweigh the probative value of the evidence." *United States v. Levin*, No. 15-CR-101, 2016 WL 8711458, at

\*5 (S.D.N.Y. Jan. 8, 2016) (citing *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998); *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)).

When deciding whether to admit evidence pursuant to Rule 404(b), courts must consider whether the evidence: (1) is offered for a proper purpose; (2) is relevant to a material issue in dispute; and (3) has probative value that is not substantially outweighed by any unfair prejudicial effect. *See, e.g.*, *United States v. Guang*, 511 F.3d 110, 121 (2d Cir. 2007); *McCallum*, 584 F.3d at 475. "[I]f the other acts evidence *is* found admissible, the trial court must, on request, give an appropriate limiting instruction to the jury, per Fed. R. Evid. 105." *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir. 1988) (emphasis in original) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

"Once the Government has offered a proper purpose for 'other act' evidence, the Court must then determine whether the other act is in fact probative of the crimes charged." *Levin*, 2016 WL 8711458, at \*6. To be relevant, "the evidence must be 'sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the . . . inference advocated by the proponent of the evidence." *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (quoting *United States v. Peterson*, 808 F.2d 969, 974 (2d Cir. 1987)); *see also id.* ("The district court must consider all the evidence presented to the jury and determine whether a reasonable jury could find the advocated inference.") (citations omitted). If the evidence is relevant, the court must determine whether its potential for unfair prejudice substantially outweighs its probative value. *See* Fed. R. Evid. 403. The evidence's probative value "depends largely on whether or not there is a close parallel between the crime charged and the acts shown." *United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993) (internal quotation marks and citation omitted); *see also United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008) (evidence is

unfairly prejudicial when "it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence") (internal quotation marks and citation omitted). Rule 403 generally does not preclude evidence of prior criminal conduct when that prior conduct is not "any more sensational or disturbing" than the charged offense. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (citing *United States v. Siegel*, 717 F.2d 9, 16–17 (2d Cir. 1983)); *see also United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (finding no error in district court's admission of prior criminal acts when the evidence "did not involve conduct more serious than the charged crime"). Further, while the duration of elapsed time between two events can detract from the probative value of the prior act, *see Garcia*, 291 F.3d at 138, temporal remoteness does not necessarily mean the other acts are not relevant. *Curley*, 639 F.3d at 59.

I. **Mr. Gnahore's Motion *in Limine***

The Government's motion *in limine* with respect to Mr. Gnahore seeks to introduce: (1) as direct evidence, two fraudulent passports seized from him in 2014; (2) under Rule 404(b), evidence from 2014 showing that Mr. Gnahore opened a bank account using a fraudulent identity, introduced in order to show Mr. Gnahore's intent, plan, *modus operandi*, identity, absence of mistake, and lack of accident; and (3) also under Rule 404(b), evidence of Mr. Gnahore's 2015 conviction, if Mr. Gnahore argues at trial that he believed his conduct was lawful. Gov. Mot. *in Limine*, Dkt. 117 at 1–2. On October 4, 2021, the Court directed Mr. Gnahore to respond to the Government's motion by October 8, 2021, or the Court would treat the motion as unopposed. Order, Dkt. 297. Mr. Gnahore did not respond to the Government's motion by October 8, 2021. Accordingly, the Government's motion is granted as unopposed.

## II.     Mr. Kone's Motion *in Limine*

The Government's motion *in limine* with respect to Mr. Kone seeks to introduce: (1) under Rule 404(b), evidence of Mr. Kone's 2015 and 2018 arrests, including a statement made by Mr. Kone during the 2015 arrest, "I ship the car to Africa"; (2) under Rule 404(b), evidence of Mr. Kone's 2004 conviction, 2007 supervised release violation, 2015 conviction, and 2018 conviction, if Mr. Kone testifies or argues through counsel that he believed his conduct was lawful; and (3) evidence obtained in a 2007 search, to impeach any inconsistent statements by Mr. Kone if he testifies and to rebut any contrary arguments he may make at trial.  Gov. Mot. *in Limine*, Dkt. 268 at 1, 14–20.

Mr. Kone has opposed the motion, arguing that: (1) his 2015 and 2018 arrests are not offered for a permissible purpose,[1] are not sufficiently similar to the conduct he is charged with here, do not relate to an issue in dispute, and are unfairly prejudicial; (2) the 2004 and 2007 convictions are too temporally attenuated to be of probative value, and the government's request for admission of his 2015 and 2018 convictions is premature because Mr. Kone has not asserted a defense which places any relevant issues in dispute; and (3) evidence obtained in the 2007 search — which was found to be illegal— constitutes an attempt "to limit arguments by counsel at the trial, by threatening the use of illegally obtained evidence" and that the two scenarios the Government cites whereby such evidence should be admitted will not arise at trial.  Def. Mot. in Opp., Dkt. 292 at 3–7.

---

[1]     Mr. Kone insists that the Government is attempting to introduce these arrests as direct evidence.  Def. Mot. in Opp. at 1, 3.  But the Government's motion makes clear that they are seeking to introduce these arrests not as direct evidence but rather as evidence of other crimes, wrongs, or acts under Rule 404(b), used to demonstrate Mr. Kone's intent, preparation, knowledge, *modus operandi*, absence of mistake, and lack of accident.  *See* Gov. Mot. *in Limine*, Dkt. 268 at 14–15.

### A.     2015 and 2018 Arrests

The Government's motion *in limine* seeks to introduce, under Rule 404(b), evidence of Mr. Kone's 2015 and 2018 arrests for driving a vehicle with a forged Florida license plate[2] and driving a vehicle that had been reported stolen from a rental car company,[3] including a statement made by Mr. Kone during the 2015 arrest, "I ship the car to Africa." Gov. Mot. *in Limine*, Dkt. 268 at 10, 14–16. Mr. Kone objects, arguing that this evidence is not admissible because "it is not offered for a permissible purpose, is not sufficiently similar to the conduct the Government charges *Defendant* with, . . . does not relate to an issue in dispute," and "the unfair prejudice to Defendant substantially outweighs any probative value." Def. Mot. in Opp., at 3–4 (emphasis in original).

Mr. Kone's 2015 and 2018 arrests are admissible under Rule 404(b). First, the Government has made clear that it is offering these arrests not as evidence of Mr. Kone's propensity to commit crime but rather "to show Kone's intent, plan, knowledge, identity, *modus operandi*, absence of mistake, and lack of accident." Gov. Mot. *in Limine*, Dkt. 268 at 15. Both arrests — involving Mr. Kone's possession of vehicles not lawfully his — are some evidence that Kone knew that the stolen vehicles he was transporting in 2020 were, in fact stolen. Mr. Kone's 2015 statement to law enforcement officers that "I ship the car to Africa," shows familiarity with a fraudulent export scheme and a common *modus operandi*.[4] *Id.* Thus, the Government has offered proper purposes for the introduction of Mr. Kone's 2015 and 2018

---

[2]     Mr. Kone was convicted after pleading guilty to one count of possession of a forged instrument in the third degree, in violation of New York Penal Law § 170.20. Gov. Mot. *in Limine*, Dkt. 268 at 10.

[3]     Mr. Kone was convicted after pleading guilty to one count of unauthorized use of a vehicle, in violation of New York Penal Law § 165.05. *Id.*

[4]     Mr. Kone has indicated that he will file a constitutional challenge if the Court intends to admit his 2015 statement, "I ship the car to Africa." *See* Def. Mot. in Opp. at 4–5. He has not articulated, however, the grounds for any such constitutional challenge.

arrests. *See, e.g.*, *United States v. Watts*, No. 09-CR-62, 2011 WL 167627, at *6 (S.D.N.Y. Jan. 11, 2011) ("Evidence of a defendant's participation in other, similar frauds is routinely admissible pursuant to Rule 404(b) to show knowledge and intent in fraud cases such as this one.") (citing *United Sates v. Thomas*, 54 F.3d 73, 82 (2d Cir. 1995); *United States v. Meyerson*, 18 F.3d 153, 166–67 (2d Cir. 1994); *Gordon*, 987 F.2d at 908–09; and *United States v. Smith*, 727 F.2d 214, 219–20 (2d Cir. 1984)).

Mr. Kone's 2015 and 2018 arrests are also sufficiently similar to the conduct with which he is now charged to be admissible. Mr. Kone is charged with, among other things, transportation of stolen motor vehicles; during both his 2015 and 2018 arrests, Mr. Kone was found in possession of or was transporting stolen vehicles.[5] Both arrests therefore demonstrate a pattern of behavior by Mr. Kone and share a common *modus operandi* with the conduct with which Mr. Kone is now charged. *See Gordon*, 987 F.2d at 908–09 ("Evidence that the defendant had a prior conviction for nearly identical counterfeiting activity was admissible to rebut his claim that he had not known that he received counterfeit money.") (citing *United States v. Mills*, 895 F.2d 897, 907–08 (2d Cir. 1990)); *see also Papadakis*, 510 F.2d at 295 (admitting evidence that showed a "pattern of conduct . . . of which the crime charged [was] a part") (internal quotation marks and citation omitted); *Universe Antiques, Inc. v. Varieka*, No. 10-CV-3629, 2011 WL 5117057, at *3 (S.D.N.Y. Oct. 21, 2011) (admitting evidence of prior convictions that "share an unusual characteristic or signature with the act alleged in this action").

---

[5] Mr. Kone insists that "the automobile that [he] was driving at the time of the 2015 arrest . . . [w]as *not* a stolen vehicle." Def. Mot. in Opp. at 4 (emphasis in original). But Mr. Kone does not offer any evidence to support his assertion. Further, Mr. Kone's 2015 arrest is still similar to the offense charged here because that arrest involved his possession of a car with a forged license plate — seemingly designed to obscure lawful ownership of the vehicle — and Mr. Kone told law enforcement officers that he was shipping the car to Africa. Thus, although Mr. Kone was only charged with and convicted of possession of a forged instrument in the third degree, *see* Gov. Mot. *in Limine*, Dkt. 268 at 10, the factual circumstances of the 2015 offense are sufficiently similar to the conduct alleged here to be admissible pursuant to Rule 404(b).

Finally, the prejudicial effect of Mr. Kone's 2015 and 2018 arrests does not substantially outweigh their probative value; thus, there is no basis to exclude either arrest pursuant to Rule 403. The probative value of evidence "depends largely on whether or not there is a close parallel between the crime charged and the acts shown." *Gordon*, 987 F.2d at 908. Here, there is no question of the closeness between the conduct that led to Mr. Kone's 2015 and 2018 arrests and that underlying the current charges against him: all three incidents involved Mr. Kone's possession of cars that were not — or, at a minimum, did not appear to be — lawfully his. Further, the evidence of Mr. Kone's previous arrests is no more "sensational or disturbing" than the conduct with which he is now charged, *see Roldan-Zapata*, 916 F.2d at 804; in fact, based on their number and substance, Mr. Kone's current charges are more serious than his 2015 and 2018 arrests. Thus, Mr. Kone's 2015 and 2018 arrests do not pose a risk of unfair prejudice.

Given the legitimate purposes for which the 2015 and 2018 arrests are offered as evidence, the similarity between the facts underlying those arrests and the conduct charged here, and the probative value of both arrests, Mr. Kone's 2015 and 2018 arrests are admissible evidence under Rule 404(b).

> **B.** **2004 Conviction, 2007 Supervised Release Violation, 2015 Conviction, and 2018 Conviction, If Mr. Kone Testifies or Argues Through Counsel That He Believed His Conduct Was Lawful**

The Government's motion *in limine* also seeks to introduce, under Rule 404(b), evidence of Mr. Kone's 2004 conviction,[6] 2007 supervised release violation, 2015 conviction, and 2018 conviction, if Mr. Kone testifies or argues through counsel that he believed his conduct was lawful. Gov. Mot. *in Limine*, Dkt. 268 at 16–18. Mr. Kone argues that his 2004 conviction and 2007 supervised release violation "are both attenuated by time," thereby diminishing their

---

[6] Under no circumstances is the conviction on the narcotics count in 2004 admissible in this case.

probative value, Def. Mot. in Opp. at 6, and that "[t]he government seeks to admit the 2015 and 2018 prior convictions prematurely" because "Mr. Kone has not asserted a defense . . . in which any of the issues identified by the government are disputed," *id.*

The Court agrees that this part of the Government's motion is best resolved at trial if Mr. Kone testifies or if Mr. Kone argues through counsel that he believed his conduct was lawful.[7] *See, e.g.*, *United States v. Chambliss*, No. 09-CR-777, 2010 WL 2990103, at *3 (S.D.N.Y. July 9, 2010) ("Evidence of other crimes, wrongs, or acts may be admissible . . . but this question cannot be resolved until defendant testifies."). Accordingly, the Court will deny this part of the motion without prejudice to the Government raising the issue again at an appropriate time.

  **C.**  **Evidence From 2007 Search to Impeach or Rebut Inconsistent Statements**

Finally, the Government's motion *in limine* seeks to introduce evidence obtained in a 2007 search to impeach any inconsistent statements by Mr. Kone if he testifies and to rebut any contrary arguments he may make at trial. Gov. Mot. *in Limine*, Dkt. 268 at 19–20. The Court finds that this part of the Government's motion is also best resolved if and when Mr. Kone testifies. *See, e.g.*, *Chambliss*, 2010 WL 2990103, at *3. Thus, the Court will deny this part of the motion without prejudice to the Government raising the issue again at an appropriate time.

## CONCLUSION

For the foregoing reasons, the Court grants the Government's motion *in limine* with respect to Mr. Gnahore and grants in part and denies in part the Government's motion *in limine* with respect to Mr. Kone. The Clerk of Court is respectfully directed to close the open motions at docket entries 117 and 268.

---

[7] The court notes that, even though remoteness alone does not preclude relevance of similar acts, *Curley*, 639 F.3d at 59, the more remote the similar acts, the less likely it is that they will be adequately probative to be admissible.

**SO ORDERED.**

                                                                                                                                          *[signature: Valerie Caproni]*

**Date: November 24, 2021**                                                                 **VALERIE CAPRONI**
       **New York, New York**                                             **United States District Judge**