USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA,

    -against-

SYLVAIN GNAHORE and FALIKOU KONE,
                                     Defendants.
------------------------------------------------------------ X

19-CR-808 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on March 4, 2022, Defendant Kone filed a motion to suppress, Dkt. 402; and

    WHEREAS on February 17, 2022, Defendant Ghanore filed a motion to sever, Dkt. 387.

    IT IS HEREBY ORDERED that Defendant Kone's motion to suppress is DENIED, with opinion to follow.

    IT IS FURTHER ORDERED that Defendant Ghanore's motion to sever Counts One through Three from Counts Four through Six is DENIED. Rule 8(b) of the Federal Rules of Criminal Procedure "permits joinder when the defendants' acts (i) arise out of a common plan or scheme or (ii) are unified by some substantial identity of facts or participants." *United States v. Savarese*, 2002 WL 265153, at *4 (S.D.N.Y. Feb. 22, 2002). Here, joinder was proper because there is substantial overlap of facts, participants, and likely evidence to be offered, and the counts arise out of a common scheme to "use fake and stolen identities to obtain money and property." Gov. Opp. at 7 (Dkt. 405). Further, severance under Rule 14(a) is not warranted. Rule 14(a) of the Federal Rules of Criminal Procedure grants the Court discretion to sever if the joinder of offenses or defendants appears to prejudice a defendant. The Court should only sever a trial under Rule 14 if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  The defendant requesting a severance therefore "carries a heavy burden of showing that joinder will result in substantial prejudice." *United States v. Al Fawwaz*, 67 F. Supp. 3d 581, 584–85 (S.D.N.Y. 2014) (quoting *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994)).  Here, Mr. Ghanore has not established that a joint trial would substantially prejudice him.  Even if Counts Four through Six pertain only to Mr. Kone, and assuming the evidence supporting those counts "will be of a completely different type" than the evidence likely to be offered to prove Counts One through Three, Def. Mem. of Law at 7 (Dkt. 388), any potential prejudice or confusion can be mitigated by a limiting instruction.  *See United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) ("Less drastic measures than severance, such as limiting instructions, often will suffice to cure any risk of prejudice and permit joinder.") (cleaned up).

IT IS FURTHER ORDERED that jury selection and trial will commence on **Monday, June 6, 2022, at 10:00 a.m.**  The final pretrial conference will be held on **Wednesday, June 1, 2022, at 2:00 p.m.**  Both the trial and the final pretrial conference will be held in Courtroom 443, Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007.

IT IS FURTHER ORDERED that time is excluded until June 6, 2022, under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A).  The Court finds that the ends of justice are served by providing counsel time to prepare for trial and the necessity of doing so outweighs the public's and the Defendants' interest in a speedy trial.

The Clerk of Court is respectfully directed to close the open motions at docket entries 387, 402, and 403.

**SO ORDERED.**

**Date:   April 28, 2022**
        **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**